UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY POWELL and GAIL POWELL,
    *Planintiffs*,

v.

OCWEN LOAN SERVICING, LLC, et al.,
    *Defendants*.

No. 3:18-cv-01879 (JAM)

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR TEMPORARY RESTRAINING ORDER**

    This case involves a common and sad scenario of home owners standing on the brink of a state court ordered foreclosure sale who hope for a last-minute reprieve from a federal court. Plaintiffs seek a temporary restraining order to block the foreclosure sale of their home that is scheduled for two weeks from now. Because plaintiffs have not established a likelihood of success, I will deny their motion.

### BACKGROUND

    Plaintiffs have filed a *pro se* complaint against defendants Ocwen Loan Servicing, LLC, and Litton Loan Servicing LP. Doc. #1. The complaint alleges that in 2002 plaintiffs entered into a mortgage loan for their residential property in Wallingford, Connecticut. *Id.* at 2 (¶ 8). Ocwen is the mortgage servicing company and first mortgagee, and Litton is the former mortgage servicer. *Id.* at 1-2 (¶¶ 4–6). The complaint alleges that on some unspecified date plaintiffs defaulted on the mortgage loan. *Id.* at 2 (¶ 9). They engaged in loan modification trials from 2008 to 2011 but defendants failed to apply payments made by plaintiffs against their account, and plaintiffs are unaware of what happened to their funds. *Id.* at 2 (¶ 10). Despite the fact that

1

plaintiffs complied with the modification terms and made timely payments, they were not extended a permanent agreement. *Id.* at 4 (¶ 11).

After the loan was transferred to Ocwen in December 2011, Ocwen did not accept plaintiffs' trial payments and accelerated the mortgage despite plaintiffs' attempts to enter into a loan modification. *Id.* at 4 (¶¶ 12–13). In May 2016, a foreclosure complaint was filed seeking court approval to accelerate the debt by means of a foreclosure sale. *Id.* at 4 (¶ 14). The parties reached a mediation agreement in April 2017, but defendants then reneged on the agreement and instead moved for judgment and to proceed with foreclosure. *Id.* at 4–5 (¶¶ 15–19). The property is scheduled for foreclosure sale on January 12, 2019. *Id.* at 5 (¶ 20).

The complaint alleges two federal law causes of action for violation of the Fair Debt Collection Practices Act (FDCPA) and violation of the Truth in Lending Act (TILA). *Id.* at 5–7 (Counts I and II). The remaining causes of action arise under state law for breach of contract, estoppel, an accounting, and fraud. *Id.* at 7–10 (Counts III to VI).

The complaint was filed about six weeks ago on November 16, 2018. Today, on December 28, 2018, plaintiffs moved for a temporary restraining order (TRO) to enjoin the foreclosure sale that is scheduled for January 12, 2019. Doc. #7. Plaintiffs' TRO motion claims that they have served defendants with the complaint, but they do not attach documentation proving such service, and the docket does not reflect that defendants have been served or that they have entered an appearance. According to an affidavit attached to the TRO motion, someone named "Katie McGraw" has telephoned Ocwen today to give Ocwen notice of the TRO motion and faxed a copy of the TRO motion to an Ocwen fax number in Florida. Doc. #7 at 7–9.

**DISCUSSION**

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). The standard governing the grant of a temporary restraining order is the same as the standard that governs the grant of a preliminary injunction. *See Vann v. Fischer*, 2011 WL 6788404, at *1 (S.D.N.Y. 2011). Accordingly, a party seeking a temporary restraining order "must generally show a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest." *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015).[1]

Plaintiffs here have not established a likelihood of success. Based on the fact that they have spent years litigating a foreclosure action in state court, it appears that they have received a full and fair opportunity to show why they should not be subject to foreclosure. Therefore, it is highly likely that plaintiffs' present challenge to the foreclosure sale will be precluded by the *Rooker-Feldman* doctrine (which generally prevents federal courts from second-guessing state court judgments) or by principles of *res judicata*. *See Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016); *Gordon v. Ocwen Loan Servicing*, 2016 WL 1305108, at *1 (D. Conn. 2016).

I am troubled as well by plaintiffs' failure to have promptly served their complaint on the defendants during the six weeks that have elapsed since plaintiffs first filed this action in federal

---

[1] Plaintiffs mistakenly claim a lower standard for the grant of a TRO, suggesting without citing any precedent that they need only show "a clear legal or equitable right," and a "well-grounded fear of immediate invasion of that right," and an "actual or substantial injury." Doc. #7 at 2.

court. Plaintiffs instead have waited until the holiday eve of the foreclosure sale to seek extraordinary injunctive relief. The grant of a temporary restraining order is a discretionary equitable remedy, and to the extent that plaintiffs have been less than diligent in prosecuting this federal court action, this is an additional reason why equitable relief is not warranted at this time.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion for a temporary restraining order (Doc. #7) is DENIED without prejudice in the event that plaintiffs are able to show a likelihood of success that would warrant a grant of relief to enjoin the foreclosure sale.

It is so ordered.

Dated at New Haven this 28th day of December 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge